### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **ALBERT JOE MARTIN** | **CIVIL ACTION NO. 08-0157** |
| **VS.** | **SECTION P** |
| **WESLEY HORTON, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<strong>AND</strong>

| | |
|---|---|
| **ALBERT JOE MARTIN** | **CIVIL ACTION NO. 08-0214** |
| **VS.** | **SECTION P** |
| **JON THOMAS** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<strong>AND</strong>

| | |
|---|---|
| **ALBERT JOE MARTIN** | **CIVIL ACTION NO. 08-0393** |
| **VS.** | **SECTION P** |
| **DAVID YELVERTON, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Albert Joe Martin filed the three above captioned civil rights complaints (42 U.S.C. §1983) on January 31,  February 11, and February 25, 2008.  When he filed these complaints he was an inmate at either the River Correctional Center or the Concordia Parish Correctional Center, both of which are located at 26362 Hwy. 15,  Ferriday, Louisiana.  In the first complaint [3:08-cv-0157] he contended that he was the victim of an illegal arrest and search, and that his automobile was unlawfully seized for forfeiture; in the second [3:08-cv-0214] he

complained of the unlawful seizure of another automobile that occurred while he was incarcerated; in the third [3:08-cv-0393] he complained that items of personal property and cash were stolen from him by employees of the Jackson Parish Correctional Center.

On February 6, February 15, and March 27, 2008, plaintiff's Motions to Proceed *in forma pauperis* (*ifp*)  were granted in each case and notice of that fact was mailed to plaintiff at the address he supplied. On February 25, 2008, the order granting *ifp* status in case number 3:08-cv-0214 was returned as undeliverable by the United States Postal Service with the notation "rts/refused/unable to forward;" thereafter, on April 7, 2008,  the order granting *ifp* status in case number 3:08-cv-0393 was also returned as undeliverable by the United States Postal Service with the notation "rts/refused/unable to forward."

## <u>LAW AND ANALYSIS</u>

 Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."  More than thirty days have elapsed since the court's correspondence was returned and plaintiff has not apprised the court of his

whereabouts.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaints be consolidated and then **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir.  1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 16th day of May, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE